The Honorable Jimmy Jeffress State Senator P.O. Box 1695 Crossett, AR 71635-1695
Dear Senator Jeffress:
I am writing in response to your request for my opinion on the following question:
 Does a municipal police enforcement officer employed by the City of Lake Village have jurisdiction to enforce traffic violations on a state highway that has to be traveled to and from an area that has been annexed into the city limits?
RESPONSE
In my opinion, the officer will have jurisdiction to patrol on a state highway if, and only if, the area patrolled is within the city's limits. A.C.A. § 27-49-106. However, municipal police may not patrol limited access highways unless authorized to do so by the Director of the Arkansas State Police. A.C.A. § 12-8-106; see also 27-68-101 et seq.
(controlled access highways).
The law with respect to this issue is succinctly set forth in the attached Ark. Op. Att'y Gen. No. 98-003, with which I fully concur. As my predecessor observed:
 The Uniform Act Regulating Traffic on Highways of Arkansas, A.C.A. § 27-49-101 et seq., governs the operation of vehicles upon highways. Arkansas Code Annotated § 27-49-106(b) (Supp. 1997) permits local authorities to regulate traffic by means of police officers on "streets and highways under their jurisdiction. . . ." See also Op. Att'y Gen. 96-125. A municipality is a "local authority" as that term is used in A.C.A. § 27-49-106. See A.C.A. § 27-49-207 (Repl. 1994). It is my opinion that a highway is under the jurisdiction of a municipality, as contemplated in A.C.A. § 27-49-106, if the highway is within the territorial limits of the city. It is immaterial that the highway was not originally within the territorial limits of the city and that the highway has not been" deeded" to the city. It should, however, be stated that municipal police are prohibited from patrolling limited access highways, except as authorized by the Director of the Arkansas State Police. A.C.A. § 12-8-106 (Supp. 1997); see also A.C.A. § 27-68-101 et seq. (controlled access highways).
My predecessor further pointed out that it is unlawful under the Arkansas Speed Trap Law, A.C.A. § 12-8-401 et seq., for an officer to patrol a highway for the principal purpose of generating revenue for the city, as opposed to protecting the welfare of city residents.
I am neither authorized nor able to opine on the factual issues relating to the purpose of the patrolling or the specific location of the stretch of highway referenced in your request. Your question implies that the state highway is not located within city limits, but rather represents the sole traffic connection between an area annexed into the city and the rest of the city. Again, I cannot test the factual accuracy of this rather odd-sounding configuration. I can opine, however, that the local officer has no jurisdiction to patrol a state highway located outside city limits.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
Enclosure